```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (ST. BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431
Facsimile:  (415) 392-1978

Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS HEALTH CARE PLAN OF NORTHERN CALIFORNIA, SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, SHEET METAL WORKERS LOCAL 104 VACATION, HOLIDAY SAVINGS PLAN; ANTHONY ASHER, TRUSTEE,<br><br>            Plaintiffs,<br><br>      vs.<br><br>PAUL McGOLDRICK, individually and doing business as PENN AIR CONTROL and PENN AIR CONTROL INC SAN FRANCISCO<br><br>            Defendant. | NO. C 08 3434 JCS<br><br>COMPLAINT |

Plaintiffs complain of defendant and for a cause of action allege that:

 1.   Jurisdiction of this Court is founded upon Section 301 (c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining

**COMPLAINT** 1
`C:\WP DOCS\COMPLAINTS\SHEET METAL\VAGUE-KNOWN AMT-CORRECT PLNTF NAME-NEWEST LANGUAGE 104`

1  agreement and certain Trust Agreements, thereby violating the
2  provisions of ERISA and the provisions of the National Labor Relations
3  Act of 1947.  This action is also brought pursuant to the Federal
4  Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual
5  controversy between plaintiffs and defendant, and for a Judgment that
6  defendant pay fringe benefit contributions in accordance with its
7  contractual obligations.

8           2.   Plaintiffs Boards of Trustees of the Trust Funds named
9  in the caption (hereinafter "Trust Funds") are trustees of employee
10 benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of
11 ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer
12 plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C.
13 §§1002(37) and §1145.  Plaintiff Anthony Asher is a trustee.  Said
14 Trust Funds are authorized to maintain suit as independent legal
15 entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

16          3.   Plaintiffs are informed and believe and thereupon
17 allege that defendant, PAUL McGOLDRICK individually and doing business
18 as PENN AIR CONTROL and PENN AIR CONTROL INC SAN FRANCISCO, resides
19 and does business in Petaluma, California.  Performance of the
20 obligations to pay fringe benefits set forth in the collective
21 bargaining agreement is in this judicial district. ERISA specifically
22 authorizes Trust Funds to bring this action in the district where the
23 plans are administered, 29 U.S.C. §1132(e)(2); the plans are
24 administered in the Northern District of California.

25          4.   Each and every defendant herein is the agent of each
26 and every other defendant herein.  Defendants and each of them are
27 engaged in commerce or in an industry affecting commerce.

28          5.   At all times pertinent hereto, defendant was bound by

**COMPLAINT**                                    2

a written collective bargaining agreement with Sheet Metal Workers Local Union No. 104, a labor organization in an industry affecting commerce. The aforesaid agreement provide that defendant shall make contributions to the TRUST FUNDS, on behalf of defendant's employees on a regular basis on all hours worked, and that defendant shall be bound to and abide by all the provisions of the respective Trust Agreements and Declarations of Trust of said TRUST FUNDS (hereinafter the "Trust Agreements").

6. The Trust Funds rely upon a self reporting system. Defendant has unique knowledge of the amounts of contributions that it is liable to pay each month, and has a fiduciary obligation to accurately report the amount to the Trust Funds.

7. Defendant has breached both the provisions of the collective bargaining agreement and the Trust Agreements above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUNDS. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8. Defendant has failed to timely pay all contributions for hours worked for the months of January 2008 to present and liquidated damages and interest which are specifically provided for by said agreements. The total amount due is unknown; additional monthly amounts will become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued.

9. An actual controversy exists between plaintiffs and

defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust Agreements, and defendant refuses to make such payments in a timely manner.

10. The Trust Funds do not at this time seek to audit the books and records of defendant. The only issue raised in this complaint is defendant's failure to complete and file voluntary monthly reports and pay the contributions due. The Trust Funds seek to obtain a judgment for any outstanding delinquent contributions based on defendant's reports and to reserve the right to audit defendant for this or any other unaudited period.

11. The Trust Agreements provide that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and reasonable attorneys' fee. It has been necessary for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiff of said attorneys.

WHEREFORE, plaintiffs pray:

1. That the Court render a judgment on behalf of plaintiffs for all contributions due and owing to the date of judgment based upon unaudited reporting forms, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendant from violating the terms of the collective bargaining agreements and the Trust Agreements for the full period for which defendant is contractually bound to file

**COMPLAINT** 4

1 reports and pay contributions to the TRUST FUNDS.

2     3. That the Court reserve plaintiffs' contractual right to audit defendant for months prior to judgment, and in the event of such audit, collect any additional sums which may be due.

    4. That the Court retain jurisdiction of this cause pending compliance with its orders.

    5. For such other and further relief as the Court deems just and proper.

DATED: July 14, 2008        ERSKINE & TULLEY
A PROFESSIONAL CORPORATION


By: /s/Michael J. Carroll
    Michael J. Carroll
    Attorneys for Plaintiffs

**COMPLAINT**    5

C:\WP DOCS\COMPLAINTS\SHEET METAL\VAGUE-KNOWN AMT-CORRECT PLNTF NAME-NEWEST LANGUAGE 104